(109 So. 123)

### STORY v. STATE. (6 Div. 892.)

(Court of Appeals of Alabama. June 8, 1926.)

Witnesses ⬤⇒286(4)—In view of testimony as to a trap brought out on cross-examination by defendant, held it was not error to allow question to state's witness on redirect, whether he planned with another to take whisky to a place and blame it on defendant.

Defendant, prosecuted for possession of liquor, having on cross-examination of state witness sought to show that S. was in employ of the officers in laying a trap for defendant, held, in view of the testimony so brought out, that it was not error to allow witness on redirect to be asked whether he planned with S. to take any whisky over there and blame it on defendant.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

C. L. Story was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

Counsel argue that the evidence was insufficient to sustain the verdict, and cite Thomas v. State, 19 Ala. App. 499, 98 So. 322; Watts v. State, 19 Ala. App. 549, 98 So. 914; Mitchell v. State, 18 Ala. App. 119, 89 So. 98.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The evidence being in conflict, the judgment overruling motion for new trial should not be disturbed. There was no error in rulings on admission of evidence. Gotcher v. State, 20 Ala. App. 207, 101 So. 310; Haswell v. State, 17 Ala. App. 519, 86 So. 170.

SAMFORD, J. The defendant's counsel by a series of questions on cross-examination of one of the state's witnesses, who was a deputy sheriff, undertook to develop the fact that a negro by the name of Smith was in the employ of the officers, in laying a "trap" for defendant. On redirect examination the solicitor was allowed over the objection of defendant to ask this state's witness whether or not he planned with Smith to take any whisky over there and blame it on Story. In view of the testimony brought out on cross-examination by defendant, the action of the court in permitting this question to be answered was not error.

The evidence was in conflict and made a jury question. That for the state, if believed beyond a reasonable doubt, was sufficient to sustain the verdict.

There is no error in the record. Let the judgment be affirmed.

Affirmed.